**Susan PETERSON et al., Plaintiffs,**

v.

**BRANIFF AIRWAYS, INC., Defendant.**

**No. 76 CV 58–SJ.**

United States District Court,
W. D. Missouri,
St. Joseph Division.

Jan. 13, 1977.

James G. Walsh, Jr., Donald M. Fehr, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for plaintiffs.

Paul L. Wickens, Jackson & Sherman, Kansas City, Mo., Amos N. Moses, Braniff Airways, Inc., Dallas, Tex., for defendant.

Hal K. Gillespie, Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., for intervenor ALPA.

### MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

### I.

This action was filed on September 23, 1976 by a group of Braniff flight attendants for the purpose of contesting defendant's August 12, 1976 announcement that it intended to close its Kansas City flight attendants base, effective September 28, 1976. A motion to intervene filed by the original plaintiffs' collective bargaining agent, the Air Line Pilots Association (ALPA), was granted after the System Board of Adjustment filed its opinion and award.

On October 12, 1976, we entered an agreed order staying further proceedings in accordance with a stipulation entered into between the original parties. That stipulation resulted from a conference with the Court held September 24, 1976, in connection with plaintiffs' motion for a temporary restraining order. The Air Line Pilots Association, International (ALPA) approved and agreed to be bound by the terms of the stipulation.

The agreed order of October 12, 1976, made appropriate reference to the stipulation of the parties and accurately stated that the "stipulation anticipates that the instant dispute will be submitted to arbitration on an expeditious basis, and that a decision will be rendered prior to the time that Defendant must determine its flight patterns and scheduling of flight attendants for November, 1976." Specifically, paragraph 4 of the stipulation provided:

That only the jurisdictional question of whether this is a major dispute under section 152, Seventh, and Section 156 of

the Railway Labor Act, as amended, may be presented to this Court by either party, for its determination on the record made before the arbitration panel, within five (5) working days after receipt of the arbitration decision.

The dispute was promptly submitted to and decided by the System Board of Adjustment. The opinion and award of the Board stated the background of the dispute, the respective positions of the parties, and stated that the following issues were presented for its determination:

(1) Is the dispute presented by the stipulation of the parties a "major" or a "minor" dispute under the terms of the Railway Labor Act, as amended?

(2) Did the Carrier violate Section 152, Seventh, and Section 156 of the Railway Labor Act, as amended?

(3) What is the appropriate remedy?

The Board made the following award:

This dispute is a "minor" dispute under the terms of the Railway Labor Act. The Board has jurisdiction to determine the dispute on its merits. Carrier did not violate the terms of Section 152, Seventh, and/or Section 156 of the Railway Labor Act, as amended.

The grievance of the Association is denied.

The question reserved in paragraph 4 of the parties' stipulation is presented by the various motions filed after the parties returned to this Court, including but not limited to plaintiffs' motion for summary judgment. We have carefully considered all data presented to the System Board of Adjustment, including the transcript of the proceedings, all exhibits and all briefs filed by the parties. We find and conclude that the dispute is a "minor" dispute and that such dispute was properly submitted to the System Board of Adjustment for its decision rather than to this Court, which we conclude lacks jurisdiction under the circumstances for reasons we shall now state.

## II.

The parties are in substantial agreement in regard to the legal authority which controls the determination of this case. Both sides cite and rely upon many of the same cases. They do not, of course, read those cases the same way.

*Elgin, J. & E. R. Co. v. Burley*, 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945), contains the classic definitions of a "major" and a "minor" dispute. *Detroit & Toledo Shore Line Railroad Co. v. United Transportation Union*, 396 U.S. 142, 90 S.Ct. 294, 24 L.Ed.2d 325 (1969), a case heavily relied upon by plaintiffs and cited by defendant, reiterated the definitions stated in *Burley* by concluding that a "major" dispute was one "arising out of the formation or change of collective agreements covering rates of pay, rules, or working conditions." A "minor" dispute was defined in *Shore Line* as one "arising out of the interpretation or application of collective agreements."

The Eighth Circuit summarized the principles and definitions articulated in *Burley* in *United Transportation Union v. Burlington Northern, Inc.* (8th Cir. 1972) 458 F.2d 354, 356. Judge Matthes stated:

The distinction between major and minor disputes is that minor disputes are those "growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules, or working conditions . . . ," 45 U.S.C. § 153 First (i), while major disputes involve attempts to change the "rates of pay, rules, or working conditions. . . ." 45 U.S.C. § 156. [458 F.2d at 356]

In vacating a district court injunction based on the premise that a "major" dispute was involved, *Burlington Northern* took appropriate notice of the railroad's justification of the unilateral action involved in that case as it was based upon its construction of the collective bargaining agreement. Judge Matthes concluded that only if "the contract were not reasonably susceptible to the carrier's contention would this be a § 6 dispute proper for a 'status quo' injunction."

It is not necessary to analyze or discuss all of the cases cited by the parties. We

believe that Judge Tuttle correctly stated the applicable law in *St. Louis, S. F. & T. Ry. Co. v. Railroad Yardmasters of America,* (5th Cir. 1964) 328 F.2d 749, 753, *cert. den.* 377 U.S. 980, 84 S.Ct. 1886, 12 L.Ed.2d 748 (1964), when he could not find "any tendency on the part of the Court to depart from the traditional concepts of major and minor disputes." The Eighth Circuit cited that Fifth Circuit case with approval in *Howard v. St. Louis—San Francisco Railway Company,* (8th Cir. 1966) 361 F.2d 905, at 912.

Defendant Braniff, as was noted by the System Board of Adjustment, justified its unilateral action on the theory that Section 21, Reduction in Force, and Section 6, Moving Expenses, of the Collective Bargaining Agreement covered the situation and that it accordingly had acted within its authority in connection with the closing of the Kansas City flight attendants' base.

Plaintiffs, of course, have argued to the contrary both before the System Board of Adjustment and before this Court. There are also opposing arguments which relate to whether the closing of the flight attendants' bases in 1971 and 1972 in California and in Texas, without objection or grievance, established a past practice recognized by both parties in light of the negotiations which followed those closings.

We believe that *Airlines Stewards & S. Ass'n., Loc. 550 vs. Caribbean Atl. A., Inc.,* (1st Cir. 1969) 412 F.2d 289, 291, used language applicable to this case. That case commented that the "confrontation between words and practice [involved in that case] poses a run-of-the-mill problem of interpretation of the type commonly presented to arbitrators." We believe the same thing must be said in regard to this case.

The district court was reversed in *Airlines Stewards* because it had failed "to pursue the critical inquiry as to whether the company's contractual defense was so obviously insubstantial as to be an attempt to circumvent § 6 of the Railway Labor Act." Judge Coffin concluded, we believe correctly, that it is the duty of a district court to determine whether a contractual defense

may be said to be "frivolous" within the well established legal meaning of that term. He added "Otherwise, the arbitration machinery mandated by the Railway Labor Act will be dealt a crippling blow."

A careful review of the entire record before the System Board of Adjustment which is now before this Court convinces us that we cannot find and conclude that defendant Braniff's contractual defense under Section 21 and Section 6 of the Collective Bargaining Agreement is an insubstantial defense and one which may properly be characterized as frivolous under the circumstances. Indeed, we independently find and conclude, as the System Board of Adjustment incidentally determined, that a rational and substantial argument can be made in support of defendant Braniff's contractual defense, particularly in light of past practice.

We recognize, of course, that arguments can be made which would tend to weaken the construction which defendant Braniff placed on the provisions of the Collective Bargaining Agreement and its supporting argument concerning past practice. It is not, however, our duty under the circumstances to decide the merits of the dispute. For we must find and conclude from all of the circumstances that a "minor" dispute was involved; that the case was properly submitted to the System Board of Adjustment; that under the provisions of the parties' collective bargaining agreement, the decision of the System Board of Adjustment in all cases properly referable to it is final and binding; and that this Court is accordingly without jurisdiction to proceed further.

For the reasons stated, it is

ORDERED that this case should be and is hereby dismissed for want of jurisdiction.